**Randy HILL and Norfleet Hill, Plaintiffs,**

v.

**FEDERAL CROP INSURANCE CORPORATION, Defendant.**

**No. Civ. LR–C–85–619.**

United States District Court, E.D. Arkansas, W.D.

July 27, 1987.

---

Marjorie M. Kesl, Brown & Kesl, P.A., England, Ark., for plaintiffs.

A. Doug Chavis, Asst. U.S. Atty., Little Rock, Ark., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

BOGUE, Senior District Judge.

### FINDINGS OF FACT

1. Plaintiff, Randy Hill, is a resident of Lonoke County, Arkansas. Plaintiff, Norfleet Hill, is a resident of Desha County, Arkansas.

2. Defendant is an agency of and within the Department of Agriculture of the United States Government.

3. The insured property which is the subject of this suit is located in Sections 22, 26 and 27, Township 1 South, Range 7 West, Lonoke County, Arkansas.

4. This Court has jurisdiction of the subject matter involved and the parties to this suit.

5. In March or April, 1983, Plaintiffs and Defendant contracted with each other to be bound by the Rice Crop Insurance Policy identified at trial as Defendant's Exhibit # 1. The insurance policy was in effect at all times in question in this action.

6. The Plaintiffs planted 233 acres of Starbonnet variety rice from May 27–30, 1983, after the recommended dates for planting that variety of rice.

7. By June 7, 1983, Plaintiff Randy Hill thought there were problems with said rice crop.

8. On June 10, 1983, Plaintiff Randy Hill notified Rita Atchison, an employee of Chadick Insurance Agency, that the rice was not coming up to a good stand. Plaintiff requested that a loss report be filed. The notification was by telephone.

9. Rita Atchison told Plaintiff Randy Hill that he should replant the fields in question. Plaintiff did not do so.

10. Although there was testimony to the contrary, the weight of the evidence indicates that the first written notice of Plaintiffs' claimed loss was not made until June 30, 1983.

11. Section 7a of the Insurance Policy's Terms and Conditions provides: "Any notice of damage or loss shall be given PROMPTLY in writing by the insured to the [Defendant] Corporation at the office for the county."

12. Rita Atchison's office is not the Defendant Corporation's office for the county.

13. The terms of the Insurance Policy do not require that a representative from the defendant company grant permission to reseed the same crop. The Policy does require permission to plant a different crop and that permission is granted only when it is too late or impractical to reseed rice (Defendant's Exhibit # 1, Section 7(b)).

14. After Plaintiffs orally notified Rita Atchison of their claimed loss on June 10, 1983, Plaintiffs could have replanted the rice crop with another variety of rice until June 20, 1983. The Court finds that it was practical for Plaintiffs to reseed rice.

15. The Plaintiffs' fields were first inspected by a representative from Defendant on June 30, 1983. This inspection followed the Plaintiffs' first written notice of claimed loss. The final "working" of the claim by Defendant occurred on July 7, 1983.

16. The failure of Plaintiffs' rice crop was not due to the allegedly cold temperatures after planting.

17. Due to windy and dry conditions after Plaintiffs planted, recognized good farming practices would have caused Plaintiffs to flush the rice fields at issue to provide necessary moisture.

18. Plaintiffs' loss was partially caused by their failure to flush the field. If the field would have been flushed with water, that would have added moisture for germination and dissolved the crust which may have formed on the surface of the field and prevented the germinated rice seed from breaking the surface of the ground.

19. The Plaintiffs' loss was also partially caused by their failure to replant rice as they were advised to do.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter in this action.

■ 2. Plaintiffs' June 10, 1983 notice to Rita Atchison, Plaintiffs' private insurance agent, was not notice to Defendant as she is not an agent of Defendant Corporation. Even if the Court would conclude that Plaintiffs' June 10th notice to Rita Atchison was constructive notice to Defendant, Plaintiffs did not give proper written notice required in Section 7a of the Insurance Policy. Neither did Rita Atchison follow the usual procedure for reporting a claim as she failed to make a written claim available to the field representative of Defendant until June 30, 1983.

3. The Insurance Policy between Plaintiffs and Defendant does not provide coverage because Plaintiffs did not follow recognized good farming practices as is required by Section 1(b) of the Insurance Policy as Plaintiffs failed to flush the rice field.

4. The Insurance Policy between Plaintiffs and Defendant does not provide coverage because Plaintiffs did not reseed when it was still practical to do so, as is required by Section 2(b)(3) of said Policy.

5. Plaintiffs failed to prove that any loss of production was directly caused by one or more of the insured causes during the insured period for the crop year for which the indemnity is claimed as is required by Section 8(a)(1).

### JUDGMENT

In accordance with the Findings of Fact and Conclusions of Law entered in the above-entitled action it is hereby

ORDERED, ADJUDGED AND DECREED that Plaintiffs' Complaint be dismissed with prejudice and Defendant is entitled to judgment according to the terms of the Insurance Policy at issue.

Dated this 22nd day of July, 1987.